IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DORIS DEMPSEY,** | * |
| Plaintiff, | * |
| VS. | * CASE NO.: CV-2009-309 |
| **PALISADES COLLECTION, LLC,** | * |
| Defendant. | * |

## APPLICATION FOR AWARD OF COSTS AND ATTORNEY FEES

COMES NOW Plaintiff and respectfully submits this Application for Award of Costs and Attorney Fees incurred in this case. In support of this request, Plaintiff submits the following:

1. The claims asserted in this case arise from the unlawful collections attempts made by Defendant on a debt which Defendant knew or should have known was not owed by Plaintiff. As alleged in the Complaint, Defendant took steps to attempt to collect a debt owed by Plaintiff's ex-husband. These steps included the filing of a lawsuit in the Circuit Court of Mobile County. Even after the Court in that case granted summary judgment in Mrs. Dempsey's favor, Palisades continued its collection activities. Plaintiff asserts various state law claims, as well as claims under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

2. On October 7, 2009 Palisades served upon Plaintiff an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. The Offer of Judgment allowed the following relief:

> 1. The Defendant shall pay to Plaintiff the sum total of $5,000.00;
>
> 2. The Defendant shall pay Plaintiff's reasonable costs and reasonable attorney's fees now accrued in connection with the above-referenced action as to the Defendant and the Defendant's current and former employees; said fees and costs are to be in an amount as agreed to between counsel for the parties, or if they are unable to agree, as determined by the Court upon motion;

      3.      That Offer of Judgment was accepted on October 20, 2009 and filed with the Court pursuant to Rule 68(a). (See Doc. 14)

      4.      On December 15, 2009, this Court entered judgment on Plaintiff's claims pursuant to the accepted Offer of Judgment. (Doc. 20). That Judgment states as follows:

> JUDGMENT is hereby entered pursuant to Federal Rule of Civil Procedure 68 in favor of plaintiff Doris Dempsey and against defendant for the total amount of $5,000, plus reasonable costs and reasonable attorney's fees accrued as of October 7, 2009 in connection with the above-referenced action as to this defendant and the defendant's current and former employees. Said fees and costs are to be in an amount as agreed to by counsel for the parties, or if they are unable to agree, as determined by the Court upon motion.

      5.      The parties have been unable to agree as to the amount of fees and costs to be awarded to Plaintiff.

      6.      The FDCPA allows for the recovery of attorneys fees and cost upon any successful action for violation of that statute. Section 1692k(a)(3) states as follows:

> In the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a)(3).

      7.      Plaintiff has incurred costs in the amount of $350, which was the filing fee paid to this Court upon the filing of the Complaint, plus $5.75 in costs incurred in serving the Defendant by certified mail.

      8.      The time spent by the undersigned attorney in connection with this case as of (and including) October 7, 2009 equals at least 25.7 hours. The undersigned has spent approximately 2.5 hours since October 7, 2009, including time spent preparing this motion. A reasonable hourly rate, consistent with the prevailing hourly rates, the contingency nature of the fee arrangement and the specialized knowledge required for this type of case is $300.

      9.      Plaintiff is entitled to an award of costs in the total amount of $355.75, pursuant to 15 U.S.C. § 1692k(a)(3) and this Court's Judgment.

      10.     Pursuant to terms of this Court's Judgment, Plaintiff is entitled to an award of fees for time incurred as of October 7, 2009 in the amount of $7,710.00.

11. A prevailing plaintiff in an FDCPA action is entitled to recovery of "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). A fee award under this section is "mandatory when a plaintiff brings a successful action under the Act." *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164, 1166 (7th Cir.1997). This is so even where the award of damages is stipulated by the parties. *Owens v. Howe*, 365 F.Supp.2d 942, 946 (N.D. Ind. 2005). The fee awarded may include compensation for time spent on preparing the fee petition. *See, e.g.*, *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir.1979).

12. Plaintiff is the prevailing party with respect to this action. Therefore, pursuant to Section 1692k(a)(3), Plaintiff is also entitled to an award for all time spent on this matter, including the time after October 7, 2009. Applying the above hourly rate, the value of the time spent since October 7, 2009 is $750.00.

13. Plaintiff will provide under separate cover more detailed breakdown of the attorney time, along with supporting affidavits pursuant to Local Rule 54.3(c).

WHEREFORE, Plaintiff hereby requests that this Court award her costs in the amount of $355.75; and fees in the total amount of $8,460.00.

s/Kenneth J. Riemer
KENNETH J. RIEMER (RIEMK8712)
Attorney for Plaintiff
Post Office Box 1206
Mobile, Alabama 36633
(251) 432-9212
(251) 433-7172 (fax)
kjr@alaconsumerlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this the 4th day of January, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

s/Kenneth J. Riemer
KENNETH J. RIEMER (RIEMK8712)