# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **DORIS DEMPSEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO:  09-309-KD-M** |
| | ) | |
| **PALISADES COLLECTION, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR AWARD OF COSTS AND ATTORNEY FEES

---

COMES NOW the defendant, Palisades Collection, LLC, and hereby opposes the Plaintiff's application for award of costs and attorney fees as follows:

1.      On October 20, 2009, the Plaintiff accepted the Defendant's Offer of Judgment wherein the parties agreed that a judgment would be entered, *inter alia*, as follows:  The Defendant shall pay the Plaintiff the sum total of $5,000.00;  the Defendant shall pay the Plaintiff's *reasonable costs and reasonable attorney fees now accrued* [as of October 7, 2009] in connection with the above-referenced action as to this Defendant and the Defendant's current and former employees; said fees and costs are to be in an amount as agreed to between counsel for the parties, or if they are unable to agree, as determined by the Court upon motion.

2.      The Plaintiff claims attorney's fees of $7,710.00 for time spent in connection with this case through October 7, 2009.  This amount is based on 25.7 hours

of work at $300.00 per hour.   There is no dispute that reasonable fees are due to be awarded per the FDCPA or that the Loadstar approach should not be utilized; however, a review of the bill in this case demonstrates reductions are required and the Defendant asks the Court to consider the following:

3.   Prior to opposing counsel filing the application for entry of attorney's fees, he provided a breakdown of time entries detailing the date of entry, a brief description of work performed, and the amount of hours worked.  A copy of the time entries is attached hereto as Exhibit "A."  Each time entry corresponded to a different date, however, each time entry showed "block billing" (several tasks for one time entry) making it impossible to determine the amount of time spent on each file task.  Because of this tactic, it now falls on the Court to determine the appropriate reductions and to eliminate billing for secretarial and administrative tasks.

4.   Applicants for an attorney fee bear the burden of proving their entitlement to an award and documenting their appropriately expended hours.  *City of Birmingham v. Horn*, 810 So.2d 667, 682 (Ala. 2001).

5.   Fee applicants must exercise what the Supreme Court has termed "billing judgment." *American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999)(*citing Hensley v. Eckerhart*, 461 U.S. 424, (1983).  The exercise of billing judgment requires fee applicants to exclude from their fee applications excessive, redundant, or otherwise unnecessary hours, which are hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel.  *Id.*

6.      If fee applicants do not exercise billing judgment, courts are obligated to do so for them by pruning hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 429.  Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.  *Id.*

7.      The *Barnes* court found the plaintiff's billing records, as arranged, made it difficult, if not impossible, to calculate with any precision the number of hours an attorney devoted to a particular task because the billing records lumped together all tasks performed by an attorney on a given day without breaking out the time spent on each task. *Id.*

8.      Moreover, work that is clerical or secretarial in nature is not recoverable. *Scelta v. Delicatessen Support Services, Inc*., 203 F.Supp.2d 1328, 1334 (M.D. Fla. 2002).

9.      The Defendant objects to the Plaintiff's block billing because several entries include time spent in communication with Cynthia Woods, opposing counsel's legal assistant.   The Defendant does not believe this is paralegal time; a paralegal would bill separately.  A paralegal's time could not ethically be subsumed within billed attorney time.   As such, the Defendant concludes Ms. Woods' function was secretarial and clerical.  The Plaintiff is entitled to recover a reasonable rate for a reasonable amount of attorney fees.  Secretarial time is not recoverable.  Standard overhead is not recoverable. There is no explanation of the nature of communications with Ms. Woods, an employee with administrative responsibilities.  The Defendant should not be required to reimburse

opposing counsel for such activities.  Even if the communication is substantively relevant to the file, billing for time spent in communication with a legal assistant is mere overhead or office procedure and not recoverable.  By failing to specify the nature of the work performed, and by including non-billable office administrative tasks in the block entries, counsel for the Plaintiff has blended permissible and impermissible fees.  As a result, allowing full recovery of the fees claimed works a windfall to opposing counsel and a prejudice to the Defendant.  It also circumvents the fees allowed per the FDCPA.  For this reason, the Defendant asks the Court to reduce the amount of hours claimed to reasonably reflect work requiring specialized legal knowledge.

10.     The Defendant further objects to the Plaintiff's use of block billing because it renders identification of time spent on specific tasks impossible and; therefore, renders an evaluation of the necessity of time spent on any one task impossible.

11.     Opposing counsel bills an inordinate amount of time for initial meetings with his client: 2.7 hours on October 30, 2008; and, 2.6 hours on February 16, 2009.  The Defendant realizes opposing counsel lists tasks other than meeting with his client on those dates; however, because of block billing it is impossible to determine how much time he spent on the client meeting versus opening the litigation file versus scanning documents.  The Defendant argues recovery for time spent opening the litigation file and scanning documents (presumably into a computer system) should not be allowed as these tasks are clearly secretarial and do not involve specialized attorney knowledge.

12.     Opposing counsel bills an excessive amount of time for drafting the Complaint: 1.2 hours on April 2, 2009; and, 2.9 hours on June 2, 2009.  As noted above, the Defendant realizes opposing counsel lists other tasks other than preparing the Complaint; however, because of block billing it is impossible to determine how much time he spent on Complaint preparation versus E-mail correspondence with Cynthia Woods versus organizing the computer file.  The Defendant reiterates that recovery for organization of the computer files and communication with legal assistants should not be allowed as such tasks are secretarial, do not involve specialized attorney knowledge, and are against recognized billing practices.

13.     The hours billed for Complaint preparation are clearly exorbitant when contrasted with its simplicity: the Complaint follows a routine form complaint used in several FDCPA cases and alleges only four counts based on a limited set of facts.  As such, opposing counsel's fee request is due to be denied or reduced accordingly.

14.     The Defendant argues opposing counsel billed an unwarranted, thus unrecoverable, amount of time for document review, document organization, and other tasks in preparation of discovery responses.  A review of Exhibit "A" shows opposing counsel billed nine hours for document review, document organization, and other tasks in preparation of discovery responses.  These billing entries are as follows: 0.6 hours on July 2, 2009; 1.4 hours on July 6, 2009; 0.6 hours on July 7, 2009; 0.6 hours on July 9, 2009; 0.8 hours on July 10, 2009; 1.3 hours on August 5, 2009; 0.7 hours on September 11, 2009; 2.7 hours on Sept 24, 2009; and, 0.3 hours on September 26, 2009.  The Defendant admits opposing counsel lists other tasks other than document review and

document organization on these dates; however, because of block billing it is impossible to determine how much time he spent on document organization versus communication with Cynthia Woods versus calendaring dates versus bates numbering documents. The Defendant argues recovery for calendaring and bates numbering documents should not be allowed as these tasks are clearly secretarial and do not involve specialized attorney knowledge.

15.    The Defendant admits opposing counsel produced approximately 300 pages in response to the Defendant's request for production; however, the overwhelming majority of those documents were copies of pleadings from a prior suit litigated by another attorney. The time spent on review and organization of these documents is overblown by opposing counsel and should not be recoverable. Alternatively, this time has been billed twice: once during initial meetings and again at the time of production.

16.    The hourly rate requested by opposing counsel is based on a professed expertise in the statutory scheme of the FDCPA. This degree of claimed expertise further calls into question the amount of time spent preparing the complaint, meeting with the client, and producing documents (which, again, consisted virtually exclusively of the pleadings from a different lawsuit filed by a different attorney). The benefit of expertise is an increased efficiency in dealing with the subject matter of the lawsuit. Given the straightforward nature of this litigation and the claims asserted, the Defendant submits the amount of time claimed by opposing counsel is excessive when contrasted with the requested hourly rate. In addition to disallowing recover for block billed administrative

time, and excessively billed review time, the defendant requests this honorable court to reduce the hourly rate claimed by opposing counsel.

17.     Opposing counsel's block billing and time billed for communication with his legal assistant calls the entire amount claimed in attorney's fees into question.   In addition, on several dates, the only entry for billed time is for communication with his legal assistant.  For these entries, no fees should be awarded.  The Plaintiff's counsel is in the best and only position to provide a meaningful breakdown of fees and expenses.  By failing to do so, he should not benefit by a reduced recovery for tasks not requiring an attorney's particular knowledge.   Such general entries should be disallowed in their entirety.

18.     The Defendant further shows that any portion of the Plaintiff's requested amount which includes time spent on this matter after October 7, 2009, is due to be stricken as opposing counsel agreed to forgo those amounts by accepting the Offer of Judgment and as Ordered by this Court on December 15, 2009.   Certainly the FDCPA allows for the recovery of fees incurred in a fee dispute, but in this case opposing counsel specifically agreed to a judgment the capped his fees as of the date the judgment was accepted.  By consent, the parties have already limited any recovered fees to a specific timeframe.  Opposing counsel has waived any subsequently incurred fees by accepting the judgment offered by the defendant.   This Honorable Court retains jurisdiction to award reasonable fees, but opposing counsel explicated consent ONLY to submit to this Court such fees as incurred at the time the judgment was accepted.  To allow any subsequent recovery of fees would be in contradiction to the accepted judgment, the

Order on the judgment, and the agreement of opposing counsel.  For these reasons, the Defendant asks this Honorable Court to strike any claimed fees after the date opposing counsel accepted the judgment on behalf of his client.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests this Honorable Court:

1. To strike all fees claimed after the acceptance of the offer of judgment;

2. To reduce the hours claimed by opposing counsel that are excessive in light of the actual work performed and tasks completed;

3. To disallow any recovery for time entries that contain no description other than inter-office communications with administrative staff;

4. To reduce the block billed time entries of the Plaintiff's counsel to prevent windfall recoveries for secretarial time, overhead, administrative tasks, and other work that does not require a lawyer's skill (such expenses and time being impermissible contained within general amassed time entries that prohibit and clear understanding of what was done, who did it, and why); and

5. To reduce the hours claimed as excessive in light of the professed expertise of opposing counsel; and,

6.  To reduce the hourly rate such that excessive fees cannot be recovered for the

prosecution of this case.

Respectfully Submitted,

/s/ Neal D. Moore, III
Neal D. Moore, III
Patrick W. Franklin
*Attorneys for Palisades Collection, LLC*

**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
(205)879-8722

## <u>CERTIFICATE OF SERVICE</u>

       This is to certify that on this the 18th day of January 2010, a copy of the forgoing document has been served upon counsel for all parties to this proceeding by the following method:

    _____          mailing the same by first-class United States mail, properly addressed and postage pre-paid

    _____           hand delivery

    _____           via facsimile

      X           E-File

Kenneth J. Riemer
P.O. Box 1206
Mobile, Alabama  36633

              /s/ Neal D. Moore, III
              OF COUNSEL