# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DORIS DEMPSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 09-00309-KD-C |
| ) | |
| PALISADES COLLECTION, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This matter is before the Court on the plaintiff's motion for attorney's fees and costs. (Docs. 21, 23 & 24). For the reasons explained below, the motion is **GRANTED in part** and $2,755.75, which is the sum of reasonable attorney's fees in the amount of $2,400.00 and costs in the amount of $355.75, is awarded to the plaintiff.

**I.   Background**

Plaintiff Doris Dempsey filed a complaint against Palisades Collection, Inc. alleging violations of the Fair Debt Collection Practices Act (FDCPA) and state law claims for negligence, wantonness, and defamation. (Doc. 1).

On December 15, 2009, this Court entered judgment in favor of plaintiff and against defendant, noting that the plaintiff had accepted the defendant's offer of judgment for the total amount of $5,000 and that the defendant had agreed to "pay the plaintiff's reasonable costs and reasonable attorney's fees accrued as of October 7, 2009 in connection with the above-referenced action as to this defendant and the defendant's current and former employees." (See Docs. 14-1 & 14-2, 15, 16, 17, 18, 19, & 20). The judgment further provided that "[s]aid fees and costs are to be

in an amount as agreed to by counsel for the parties, or if they are unable to agree, as determined by the Court upon motion." (Doc. 20).

## II. Analysis

### A. Standard

The Fair Debt Collection Practices Act provides that "a debt collector who fails to comply with [the Act] is liable . . . in the case of any successful action . . ., [for] the costs of the action, together with a reasonable attorney's fee as determined by the court . . . ." 15 U.S.C. § 1692k(a)(3).

The Court of Appeals for the Eleventh Circuit explained the method for award of attorney's fees under the FDCPA, in Moton v. Nathan & Nathan, P.C., stating as follows:

> The FDCPA authorizes an award to any successful plaintiff of the costs of the action and a "reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). In interpreting this provision, we have held that Supreme Court precedent in the civil rights fee-shifting context is applicable. [Hollis v. Roberts, 984 F.2d 1159, 1161 (11th Cir. 1993)] ("Although [Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) ] was decided in the context of the civil rights fee-shifting statute, its principles are equally applicable here."). Under the Supreme Court's approach, we said, "[t]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Id. (quoting Blum, 465 U.S. at 888, 104 S.Ct. 1541). In addition, "'reasonable fees' under § 1988 are to be calculated according to the prevailing market rates in the relevant community." Id. (quoting Blum, 465 U.S. at 888, 104 S.Ct. 1541). Our clear precedent thus requires a district court, when awarding attorneys' fees under the FDCPA—like under the typical fee-shifting statute—to do the following:
>
>> The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. This "lodestar" may then be adjusted for the results obtained. Although a district court has wide discretion in

2

> performing these calculations, the court's order on attorney's fees must allow meaningful review-the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir.1994) (citations and quotations omitted).

Moton, 297 Fed.Appx. 930, 931-32 (11th Cir. 2008) (per curiam).

The Eleventh Circuit has also held that the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), may be applied to determine a reasonable hourly rate in the course of a lodestar analysis. See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299-1300 (11th Cir. 1988) ("the Johnson factors have utility in establishing the hourly rate. In evaluating comparability of the market rates being attested to, the district court may wish to consider any of the Johnson factors to the extent that they suggest that comparables offered may not be relevant to the issues before the court or as they may affect the weight to be given to the comparables being offered the court"); see also Loranger, 10 F.3d at 781, n. 6 ("Although [Johnson's] balancing test has . . . been replaced by the lodestar formula, we have expressed our approval of district courts' considering the Johnson factors in establishing a reasonable hourly rate."). These factors

> include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Association of Disabled Americans v. Neptune Designs, Inc., 469 F.3d 1357, 1359, n.1 (11th Cir. 2006) (citing Johnson, 488 F.2d at 717-19).

Plaintiffs have the burden to establish their entitlement to an attorney's fee and also to provide documentation of a reasonable hourly rate and hours expended. See American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir.1999); Coastal Fuels Marketing, Inc. v. Florida Exp. Shipping Co., Inc., 207 F.3d 1247, 1252 (11th Cir. 2000) (finding that plaintiff has the burden of producing satisfactory evidence that the hourly rate submitted is in accord with market rates for the area.). To meet this burden, plaintiffs may produce "either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates." Duckworth v. Whisenant, 97 F.3d 1393, 1395 (11th Cir. 1996) (citing Norman, 836 F. 2d at 1299). However, the district court may rely upon its own knowledge and experience concerning the rates charged by comparable attorneys. Norman, 836 F.2d at 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonableness and proper fees and may form an independent judgment with or without the aid of witnesses as to value.").

**B.  Reasonable Rate**

As noted above, to determine the reasonable rate for an attorney's services, courts look to "the reasonable hourly rate for an attorney's services i[n] 'the place where the case is filed.'" ACLU of Georgia, 168 F.3d at 437 (citation omitted); see also Moton, 297 Fed. Appx. at 931-32, quoting Hollis, 984 F.2d at 1161. However, the Court may award a non-local hourly rate if, and only if, the plaintiff demonstrates "a lack of attorneys practicing in [the Southern District] who are willing and able to handle [her] claims." Id. (citations omitted) ("If a fee applicant desires to recover the non-

4

local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims.") (finding that district court erred by awarding non-local rates without finding that plaintiffs had carried this burden).

Plaintiff Dempsey claims that her attorney, Kenneth J. Riemer, is entitled to an hourly rate of $300. She presents a number of documents in support of her argument that the claimed rate is reasonable based on local rates:

- Riemer's affidavit (Doc. 23-1) stating that he has over 19 years' experience as a civil litigator, that in 1994 he began to represent clients in connection with "consumer finance litigation," and that for the last seven years he has "further concentrated" his practice on consumer protection litigation, which involves mainly actions brought under the several federal consumer protection statutes;

- the affidavit of local attorney Steven Nicholas (Doc. 23-3), who states that he practices in the area of consumer finance and attests that a rate of $300 per hour is "more than reasonable" for the prosecution of claims such as those brought in this case;

- the affidavit of local attorney Max Cassady (Doc. 23-4), who professes that he practices in the area of consumer rights and agrees that a rate of $300 is reasonable for Riemer's prosecution of this case;

- an order issued a little more than five years ago by a sister court in this district holding that $250 per hour was a reasonable rate for Riemer's

5

services. (Doc. 23-5 (Howard v. Bishop State Cmty. Coll., 1:03-CV-740-BH-B (Jan. 18, 2005 (Doc. 92)));

• a minute entry issued approximately four years ago by the Circuit Court of Mobile County granting a motion requesting an effective rate of $276/hour for Riemer's services. (Doc. 23-6 (Dixon v. Premier Mortgage Funding, Inc., CV 2003 01515 (Mar. 22, 2006), aff'd, Premier Mortgage Funding, Inc. v. Dixon, 13 So.3d 49 (Apr. 13, 2007))).

Recently, this Court, relying on its own familiarity with local attorneys' fees and its expertise in setting such appropriate hourly rates, found that $275 constituted a reasonable hourly rate for local attorneys with approximately 34 years of experience, $225/hour was a reasonable hourly rate for a local attorney with approximately twelve years of experience, and $200/hour rate was appropriate for counsel with approximately seven years of experience. See Mitchell Co., Inc. v. Campus, Civ. Action No. 08-342-KD-C, 2009 WL 2567889 at *1 & * 17-18 (S.D. Ala. Aug. 18, 2009); see also profiles of Carlton Fields attorneys James H. Cox, David M. Leonard, Nancy C. Ciampa, and M. Derek Harris, available at www.carltonfields.com (last visited March 10, 2010).

The defendant objects to the hourly rate requested, arguing that "the amount of time claimed by opposing counsel is excessive when contrasted with the requested hourly rate, reasoning that "the benefit of expertise is an increased efficiency in dealing with the subject in dealing with the subject matter of the lawsuit." (Doc. 25, ¶ 16). This objection is **SUSTAINED**. Considering all of the Johnson factors, relying on the undersigned's familiarity with local attorneys' fees and expertise in setting rates for attorney compensation, and noting in particular Riemer's relevant experience, the amount of time billed in this case, and judicially determined rates in comparable recent cases, the

Court concludes that $250/hour equals a reasonable hourly rate for Riemer's counsel in this case.

    **C.    Recoverable Time**

In determining whether the hours expended are reasonable, the Court should not include any hours which are "excessive, redundant, or otherwise unnecessary". Norman, 836 F. 2d at 1301. When awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." ACLU of Georgia, 168 F.3d at 428. The Court expects counsel to "exercise billing judgment" and exclude those hours that are excessive, redundant, or unnecessary, i.e., hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Id. Thus, the Court must exclude any hours that are not reasonably expended. Id. at 43.

The defendant objects to the plaintiff's use of "block billing," pointing out that in some of his time entries the plaintiff "fails to specify the nature of the work performed [and] includes non-billable administrative tasks in the block entries" thereby "blend[ing] permissible and impermissible fees." (Doc. 25, ¶ 9). This objection is **SUSTAINED**, as explained below. Counsel's billing is at best ambiguous: the Court is unable to decipher the nature of the tasks performed.

Counsel also cannot recover at an attorney's hourly rate for time spent performing tasks which could be performed by a paralegal:

> . . . a fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment. Where such an adjustment is made the district court must provide an identification of the hours falling within this category or at least point to circumstantial evidence from which it infers that substantial work of this nature was done.

Norman, 836 F.2d at 1306. And even a paralegal's fees may be recovered "only to the extent that the [timekeeper] performs work traditionally done by an attorney." Allen v. U.S. Steel Corp., 665 F.2d 689, 697 (5th Cir.1982); see also Missouri v. Jenkins, 491 U.S. 274, 288, n. 10 (1989) (among other tasks appropriate for a lawyer to perform, "factual investigation, including locating and interviewing witnesses" may be performed by a paralegal; however, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them").

Plaintiff's counsel neglected to segregate work traditionally done by an attorney from clerical or secretarial tasks in his time entries for August 6 (time sought for, among other things, scanning documents), 14 (time sought for email correspondence with Cynthia Woods, an individual whom the plaintiff fails to identify but the defendant indicates is Riemer's legal assistant), and 28, 2008 (more time sought for, among other things, email correspondence with Cynthia Woods); October 16, 2008 (same); March 19-20 & 30, 2009 (same); April 2-3, 2009 (same); June 2 and 4, 2009 (same); July 2 (redundant entries of the same), 6-7 (time sought for, among other things, email correspondence with Cynthia Woods), and 10, 2009 (redundant entries of the same); August 5, 2009 (time sought for, among other things, "organiz[ing] and [B]ates[-labeling] doc[uments]"); and September 11 (time sought for, among other things, "calendaring dates") and 24, 2009 (time sought for, among other things, email correspondence with Cynthia Woods and Bates-labeling documents). The plaintiff provides no other documentation in support of her argument that the time she claims was reasonably expended on tasks traditionally done by an attorney. As such, the plaintiff has failed to carry her burden and the Court lacks a reasonable basis upon which to segregate recoverable time and to award fees for work performed on each of the dates listed above.

The defendant also objects to any award of fees based on time that the plaintiff's counsel

spent on the matter after October 7, 2009. (Doc. 25, ¶ 18). This objection is **SUSTAINED**. Generally speaking, counsel may recover for reasonable hours spent in applying for an award of attorneys' fees. Sheet Metal Workers Int'l Ass'n Local 15, AFL-CIO v. Law Fabrication, LLC, 237 Fed. Appx. 543, 550 (11th Cir. 2007) (per curiam) ("federal statutory fee-shifting provisions ordinarily authorize fees on fees"); see Martin v. University of South Alabama, 911 F.2d 604, 610 (11th Cir. 1990) ("It is well settled that time expended litigating attorney fees is fully compensable."). However, in this case the Offer of Judgment, which was executed by counsel for the parties on October 7, 2009, explicitly states that "The Defendant shall pay Plaintiff's reasonable costs and reasonable attorney's fees *now accrued* in connection with the above-referenced action as to the Defendant and the Defendant's current and former employees . . . ." (Doc. 14-1, ¶ 2). As noted above, this Court's Judgment contains the same language. (Doc. 20). Accordingly, no fees will be awarded based on time Riemer spent on this case after October 7, 2009.

Excepting the unrecoverable time identified above, the Court concludes that the time requested by counsel was reasonably expended on this litigation. Accordingly, the plaintiff may recover the value of a total of 9.6 hours worth of attorney Riemer's time. Multiplying 9.6 by the reasonable hourly rate of $250 yields a total award of $2,400.00 in attorney's fees. Upon consideration of the results obtained in this case, the Court finds that no further adjustment to the lodestar is necessary. See Loranger v. Stierhem, 10 F.3d 776, 781 (11th Cir. 1994) ("The starting point in fashioning an award of attorneys' fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. This 'lodestar' may then be adjusted for the results obtained.").[1]

---

[1] As such, the defendant's remaining objections are **OVERRULED**.

### D. Costs

The plaintiff represents that she has incurred costs in the total amount of $355.75, which equals the total of this Court's $350 filing fee and $5.75 incurred by serving the defendant via certified mail. (Doc. 21, ¶ 7). The defendant does not object to the requested costs.

Pursuant to Section 1692k(a)(3) of Title 15 and this Court's Judgment, the plaintiff is awarded the $355.75 worth of costs requested.

### III. Conclusion

Accordingly, and for the reasons set forth herein, the plaintiff's motion is **GRANTED in part** and the plaintiff is awarded a total of $2,755.75, which is the sum of reasonable attorney's fees in the amount of $2,400.00 and costs in the amount of $355.75.

**DONE** and **ORDERED** this the 11th day of March, 2010.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**